[S. F. No. 396.  In Bank.—February 20, 1897.]

THE PEOPLE, etc., ex rel. DENNIS SPENCER, Respondent, *v.* GEORGE A. KNIGHT, Appellant.

Attorney for State Board of Health—Appointment by Governor— "Election"—Statutory Construction.—The office of attorney for the state board of health is created by the act of June 13, 1891, which act contemplates that that office is to be filled by successive appointments by the governor for a term of four years each; and the additional words, that the incumbent is to hold "until his successor is elected and qualified," do not import that there is to be an election by the people, no provision having been made for an election of that officer, or declaring the constituency by which he should be elected.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

*Denson & De Haven,* for Appellant.

The word "elected," in section 1 of the act of 1891, cannot be read "appointed."  The court cannot depart from the plain meaning of the language used.  (*Wickersham* v. *Brittan,* 93 Cal. 34; *Eureka* v. *Diaz,* 89 Cal. 467; *Magruder* v. *Swann,* 25 Md. 214.)  There was no vacancy to fill when the defendant was appointed.  (Const., art. XX, sec. 8; *People* v. *Tilton,* 37 Cal. 614; *People* v. *Bissell,* 49 Cal. 407; *People* v. *Tyrrell,* 87 Cal. 479; *People* v. *Edwards,* 93 Cal. 157.)

*W. W. Foote,* and *Garret McEnerney,* for Respondent.

The word "elected," in section 1 of the act of 1891, should receive the construction of "selected" or "appointed."  Where a word has been erroneously used for another, or omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied.  The strict letter must yield to the obvious intention.  (Sutherland on Statutory Construction, sec. 260; *Wickersham* v. *Brittan,* 93 Cal. 34; *Rut-*

*ledge* v. *Crawford*, 91 Cal. 526, 533; 25 Am. St. Rep. 212; 23 Am. & Eng. Ency. of Law, 417, 421; *Territory* v. *Clark*, 2 Oklahoma, 82; *Kane* v. *Kansas City etc. Ry. Co.*, 112 Mo. 34; *Palms* v. *Shawano Co.*, 61 Wis. 211; *People* v. *Hoffman*, 97 Ill. 234; *Perry County* v. *Jefferson County*, 94 Ill. 214.)

HARRISON, J.—The appellant was appointed attorney for the state board of health, by virtue of the provisions of an act authorizing such appointment (Stats. 1891, p. 209), June 13, 1891. July 11, 1895, the governor appointed the relator to succeed the appellant in the said office, and a commission therefor was duly issued to him. After qualifying for the office, the relator presented to the appellant his commission, and notified him that he had filed his oath of office, and demanded to be let into the possession and enjoyment of said office, but the appellant refused, and has ever since refused, to let the relator into the possession of said office, or to permit him to hold and exercise the same. The present action was brought under the provisions of section 803 of the Code of Civil Procedure, for the purpose of having the appellant excluded from said office, and establishing the right of the relator thereto. Judgment was entered in favor of the relator, from which the present appeal has been taken.

Section 1 of the act above named is as follows:

" SECTION 1. The office of attorney for the state board of health, and the board of health of the city and county of San Francisco, is hereby created; such attorney shall be appointed by the governor, and shall hold his office as such attorney for the term of four years, and until his successor is elected and qualified."

The proposition contended for by the appellant, and upon which he claims the right to retain the office, is that, by reason of the last clause in the foregoing section, his successor is to be elected by the people, and that until such election has been had there is no vacancy

in the office, and, by virtue of section 879 of the Political Code, he is entitled to retain possession of the office.

This construction of the section fails, however, to give effect to the provisions therein, which are declared with definiteness, and attributes a controlling effect to a provision which is merely subsidiary and incidental to the purpose of the act. There is no provision in the section, or elsewhere upon the statute book, that this office shall be filled by an election. On the contrary, the office is created by the act, and the provision that "such attorney shall be *appointed* by the governor" is an express legislative declaration of the mode in which the office shall be filled. The appointment of the officer is not limited to the first appointment, but includes every "such attorney." By the succeeding clause, his term of office is fixed at four years, and at the expiration of that term the right of the governor to appoint the successor of the first incumbent was the same as for the original appointment. The additional words, "until his successor is elected and qualified," cannot have the effect to overcome the previous declaration that the officer is to be "appointed," or justify an inference that the legislature intended that the office should be elective. That the provision in the act that "such attorney shall be appointed by the governor" was intended by the legislature to apply to future incumbents of the office is corroborated by the fact that no provision has been made for an election of the officer, or declaring the constituency by which he should be elected.

The judgment is affirmed.

HENSHAW, J., TEMPLE, J., and GAROUTTE, J., concurred.

Rehearing denied.